IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CRIMINAL CASE NO.: |
| ROMAN A. BROWN, | : 1:18-cr-00304-TCB-JSA |
| Defendant. | : |

**ORDER AND REPORT AND RECOMMENDATION ON A MOTION TO SUPPRESS AND MOTION TO CONSOLIDATE**

Defendant Roman Brown is accused, along with three other named co-conspirators who are charged in a separate indictment, of committing and conspiring to commit robbery and sexual assault against a fellow prison inmate. *See* Superseding Indictment [57]. Defendant has moved to suppress statements [68] and to join his case [69] for trial with that of the co-conspirators who have been charged in a separate case (*United States v. Adams, et al.*, 1:19-CR-217-TCB-JSA).

**A.** *Motion to Suppress*

In response to the Defendant's Motion to Suppress Statements, the Court convened an evidentiary hearing on August 20, 2019 [78], in which FBI Special Agent Tim Burke testified as to his interview of Defendant at the U.S. Penitentiary in Atlanta on October 2, 2017. A transcript was prepared of this hearing [79].

After an evidentiary hearing on Defendant's Motion to Suppress Statements [78], Defendant now indicates that he withdraws his Motion.  In summary, S/A Burke testified that the interview was cordial and cooperative; that he and his partner (S/A Costa) advised the Defendant of his *Miranda* rights; presented a written *Miranda* form to the Defendant; secured the Defendant's verbal consent that he understood his rights and wished to speak[1]; and that the substance of the Defendant's statement was largely self-serving in nature in that he offered a mitigating version of the facts from "his side of the story."  Tr. [79] at 5-17.

After the hearing, the Court set a briefing schedule for post-hearing briefs [78] and then granted a requested continuance of that schedule [84].  The Defendant did not file a post-hearing brief and, instead, counsel contacted the undersigned's deputy clerk to advise that the Defendant was no longer pursuing and intended to withdraw the Motion to Suppress.  Thus, on this basis, and on the basis of the unrefuted testimony adduced at the hearing that demonstrates that the Defendant's statements were voluntarily-made and on the basis of a voluntary and informed waiver of his *Miranda* rights, the Court **RECOMMENDS** the Motion to Suppress [68] be **DENIED**.

---

[1] The Defendant did not physically sign the waiver form, but rather the agents wrote "in restraints" on the relevant portion of the written form, because the Defendant was in restraints and the agents were hesitant about handing him a pen (a potential weapon) in a prison setting.  Tr. [79] at 11, 20-21.

B. *Motion to Consolidate*

"The Federal Rules of Criminal Procedure liberally encourage the joining of parties and charges in a single trial." *Ashe v. Swenson*, 397 U.S. 436 (1970). Rule 13, Fed.R.Crim.P., provides:

> The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.

In this case, the Government does not dispute that the facts of the Defendant's case substantially intertwine with that of his co-conspirators and, absent any prejudice to any defendant, should be tried together. *See* Tr. [79] at 27. The Government's position, however, is that the Defendant's statement may implicate his co-Defendants and, therefore, that he could not be tried jointly with them pursuant to *Bruton v. United States*, 391 U.S. 123 (1968). Thus, the Government's position is that consolidation would be warranted if the Court were to suppress the Defendant's statement, but that if the Court were to deny suppression, consolidation should be denied because of the existence of a *Bruton* issue.

Because the Defendant is withdrawing, and the Court in any event is recommending denial of, his motion to suppress, consolidation may not be appropriate. Whether a *Bruton* issue exists that prevents any defendant from

receiving a fair trial, however, is not a ripe question for determination by the undersigned.  Such a determination is premature at this time and is best left for a juncture closer to trial when it is more clear which defendants will ultimately go to trial.  Thus, and because a motion to consolidate inherently is a matter of trial scheduling and management best left to the trial judge, the Court **DEFERS** the Motion for Joinder [69] to the District Judge.

## CONCLUSION

The Court **RECOMMENDS** that Defendant's Motion to Suppress [68] be **DENIED** and **ORDERS** that Defendant's Motion for Joinder [69] be **DEFERRED** to the District Judge.

IT IS SO **RECOMMENDED and ORDERED** this 31st day of October, 2019.

_____
**JUSTIN S. ANAND**
**UNITED STATES MAGISTRATE JUDGE**