IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

ROMAN A. BROWN,

Defendant.

CRIMINAL ACTION FILE

NO. 1:18-cr-304-TCB

**O R D E R**

This case comes before the Court on Magistrate Judge Justin S. Anand's report and recommendation (the "R&R") [85], which recommends denying Defendant Roman A. Brown's motion [68] to suppress statements.[1] No objections have been filed.

---

[1] Separately, Brown also filed a motion [69] to join his case for trial with co-conspirators charged in a separate case, *United States v. Adams, et al.*, 1:19-cr-217-TCB-JSA. In the R&R, the magistrate judge noted that if this Court denied the motion [68] to suppress, consolidation should likewise be denied because Brown's statement could implicate his co-defendants. Finding that a determination on this issue was premature at the time the R&R was issued, however, the magistrate judge deferred consideration of Brown's motion [69] for joinder to this Court. Nevertheless, a motion to consolidate is inherently a matter of trial scheduling and management. Accordingly, the Court will reserve consideration of Brown's motion

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[2]

---

[69] to consolidate until a juncture closer to trial, when it is more clear which Defendants will ultimately go to trial.

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

The Court has conducted a careful and complete review of the R&R and finds no clear error in its factual or legal conclusions. Accordingly, the Court adopts as its Order the R&R [85].

IT IS SO ORDERED this 2nd day of December, 2019.

_____
Timothy C. Batten, Sr.
United States District Judge

---

without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).